UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CARLOS ALVAREZ,

                        Petitioner,          ORDER

-against-                                09-CV-01343 (SJF)

BRUCE YELICH, Superintendent,
Bare Hill Correctional Facility,

                       Respondent.
---------------------------------------------------------------X
FEUERSTEIN, United States District Judge

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JUL 17 2012   ★

**LONG ISLAND OFFICE**

On January 26, 2007, a judgment of conviction was entered against petitioner, Carlos Alvarez ("petitioner"), in the Supreme Court of the State of New York, Nassau County (Calabrese, J.), upon: (1) a jury verdict finding him guilty of assault in the second degree (N.Y. Penal Law § 120.05[2]); (2) his plea of guilty to attempted murder in the second degree (N.Y. Penal Law §§ 110.00/125.25[1]) and assault in the first degree (N.Y. Penal Law § 120.10[1]); and (3) imposition of sentence. On March 25, 2009, petitioner filed a petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth herein, the petition is denied and the proceeding is dismissed.

I.    BACKGROUND

    A.    Factual Background

On August 2, 2005, petitioner followed a car being driven by the victim, Christian Huerta

1

("Huerta"), cut Huerta's car off, caused a collision and drove away. (T. 334-37).[1] When Huerta got out of his car to inspect it, petitioner returned and drove into Huerta with his car. (T. 337-40). Moments later, petitioner exited his car and stabbed Huerta in the neck and left hip. (T. 340-43). Petitioner testified that he had accidentally hit Huerta with his car and denied stabbing him. (T. 801, 806).

Petitioner was indicted on a charge of attempted murder in the second degree and two (2) assault charges: (1) assault in the first degree for intending to cause serious physical injury to Huerta, and causing such injury, "by means of a deadly weapon or dangerous instrument, to wit; a knife;" and (2) assault in the second degree for intending to cause physical injury to Huerta, and causing such injury, "by means of a deadly weapon or a dangerous instrument, to wit; a motor vehicle." (T. 976-77).

During the jury charge, the trial judge instructed the jury, <u>inter alia</u>, on the three (3) charges in the indictment, the relevant law and its role in determining the verdict, but did not instruct the jury on any lesser included offenses in the alternative. (T. 976-77). Defense counsel did not object to the jury charge or request that any lesser included offenses be given. (T. 892). In response to a note from the jury, the trial judge clarified that the charge of assault in the first degree "does deal with the knife" and the charge of assault in the second degree "does deal with the motor vehicle." (T. 1044).

---

[1] Numbers in parentheses preceded by: (1) "T" refer to the trial minutes dated April 19, 2006-May 5, 2006; (2) "P" refer to the trial minutes for the second trial and the guilty plea dated May 16, 2012; (3) "W" refer to the written waiver of the right to appeal the conviction of assault in the second degree; and (4) "A" refer to the written waiver of the right to appeal the convictions of assault in the first degree and attempted murder in the second degree.

2

B.  Procedural Background

1.  Verdict, Plea Agreement and Sentence

On May 5, 2006, the jury returned a verdict finding petitioner guilty of assault in the second degree (N.Y. Penal Law § 120.05[2]) but the judge declared a mistrial on the remaining two (2) counts because the jury could not agree. (T. 1047-49). On July 10, 2006, petitioner pled guilty to attempted murder in the second degree (N.Y. Penal Law §§ 110.00/125.25[1]) and assault in the first degree (N.Y. Penal Law § 120.10[1]).

As part of the plea agreement, petitioner signed two (2) written waivers of the right to appeal his convictions for: (1) assault in the second degree, (W. 1); and (2) assault in the first degree and attempted murder in the second degree, (A. 1), in exchange for a sentence to a determinate term of imprisonment of seven (7) years. (W. 1; A. 1; P. 61). During the plea allocution, at which a Spanish interpreter was present, (1) defense counsel stated that he had "lengthy discussions" with petitioner regarding the plea agreement, (P. 56); (2) petitioner acknowledged (a) that by pleading guilty to assault in the first degree and attempted murder in the second degree he was giving up his rights to be tried by a jury, to testify and to confront the witnesses against him with respect to those charges, (P. 59), (b) that he understood the waivers of his right to appeal and that they applied to all three (3) counts in the indictment, (P. 60), and (c) that he understood that "once [he] [gave] up [his] right to appeal, [he was] giving up any right to appeal any aspect of that trial or any aspect of this plea . . . ," (P. 60); and (3) the trial judge verified (a) that petitioner had reviewed his waivers of his right to appeal with defense counsel, (b) that he had signed them, and (c) that he wished to waive his right to appeal. (P. 59-60). The trial judge accepted petitioner's waivers of his right to appeal, finding them to be knowing, intelligent and voluntary. (P. 60).

3

On January 26, 2007, petitioner was sentenced to three (3) concurrent determinate terms of imprisonment of seven (7) years to be followed by three (3) years post-release supervision on the assault in the second degree conviction and five (5) years post-release supervision on the attempted murder in the second degree and assault in the first degree convictions, and restitution in the amount of nineteen thousand twenty-six dollars and fifty-eight cents ($19,026.58).

    2.    Appeal

Notwithstanding his waivers of the right to appeal, petitioner appealed the judgment of conviction to the New York State Supreme Court, Appellate Division, Second Judicial Department ("the Appellate Division") on the grounds: (1) that pursuant to the New York Criminal Procedure Law § 300.50(4), the trial court lacked jurisdiction to accept his plea to the charge of assault in the first degree because he had already been convicted at trial of the lesser included offense of assault in the second degree; (2) that the trial court unlawfully imposed restitution; and (3) that his waivers of the right to appeal were not knowing and voluntary and, in any event, did not foreclose review of his other claims.

On December 9, 2008, the Appellate Division affirmed the judgment of conviction, finding: (1) that the record demonstrated that petitioner's written and oral waivers of his right to appeal "were intelligently, knowingly and voluntarily made;" (2) that petitioner's valid waivers of his right to appeal foreclosed appellate review of the challenges to the procedures employed by the sentencing court in determining restitution; and (3) that petitioner's contention that the court lacked jurisdiction to try him for assault in the first degree was without merit. People v. Alvarez, 57 A.D.3d 688, 868 N.Y.S.2d 542 (2d Dept. 2008). On February 25, 2009, the Court of Appeals of the State of New York denied petitioner's application for leave to appeal to that court

from the December 9, 2008 order of the Appellate Division. People v. Alvarez, 12 N.Y.3d 755, 876 N.Y.S.2d 707, 904 N.E.2d 844 (2009).

On March 25, 2009, petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, alleging: (1) that his convictions, upon his plea of guilty, of assault in the first degree and attempted murder in the second degree violated the Double Jeopardy Clause of the United States Constitution; (2) that the failure of the plea and sentencing court to provide him with a Spanish interpreter during his plea allocution denied him the right to due process; (3) that the imposition of restitution rendered his sentence illegal; and (4) that his sentence was illegal because he had been promised a period of post-release supervision of three (3) years. Respondent filed his return on May 15, 2009.

II.   DISCUSSION

   A.   Procedural Issues

      1.   Procedural Default Based Upon Failure to Exhaust

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs petitions of incarcerated state court defendants seeking federal habeas corpus relief. The AEDPA requires that prior to bringing a petition for habeas corpus relief in federal court, a petitioner "must exhaust the remedies available in state court or demonstrate that 'there is an absence of available State corrective process [or that] circumstances exist that render such process ineffective to protect the rights of the [prisoner].'" Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 808 (2d Cir. 2000) (citing 28 U.S.C. §2254(b)(1)). In order to fulfill the exhaustion requirement, a petitioner must "fairly present" to the highest state court "both the factual and the legal premises of the claim he asserts in federal court." Bierenbaum v. Graham, 607 F.3d 36, 47

(2d Cir. 2010), cert. denied, 131 S. Ct. 1693, 179 L. Ed. 2d 645 (2011); see also Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011), cert. denied, 132 S. Ct. 265, 181 L. Ed. 2d 155 (2011).

Although petitioner exhausted his claims that his conviction for assault in the first degree violated his right against double jeopardy and that the trial court unlawfully imposed restitution, he has not exhausted the following claims: (1) that his conviction for attempted murder violated the Fifth Amendment's Double Jeopardy Clause; (2) that the failure of the plea and sentencing court to provide him with a Spanish interpreter denied him the right to due process; and (3) that his sentence to post-release supervision was illegal. Petitioner did not raise those claims on his direct appeal and they are now "procedurally barred from consideration in a collateral attack on his conviction" by New York Criminal Procedure Law § 440.10(2)(c). Jimenez v. Walker, 458 F.3d 130, 149 (2d Cir. 2006).

Although petitioner's three (3) unexhausted claims may be deemed exhausted in light of the absence of any "available State corrective process," 28 U.S.C. § 2254(b)(1)(B)(i); see also Jimenez, 458 F.3d at 149, "when a 'petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' the federal habeas court should consider the claim to be procedurally defaulted." Clark v. Perez, 510 F.3d 382, 390 (2d Cir. 2008)(quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, 2557 n.1, 115 L. Ed. 2d 640 (1991)); see also Jimenez, 458 F.3d at 149 ("Under the procedural-default doctrine, when a prisoner has exhausted his state remedies but has not given the state courts a fair opportunity to pass on his federal claims, the prisoner has procedurally defaulted his claims...."). In order to raise such procedurally defaulted claims, the petitioner must show cause for his procedural default in state court and actual prejudice resulting from the alleged violations of

federal law, or that a failure to consider the claims will result in a "fundamental miscarriage of justice," i.e., that he is actually innocent of the crime for which he was convicted. Coleman, 501 U.S. at 750, 111 S. Ct. 2546; see also Carvajal, 633 F.3d at 104.

The doctrine of procedural default precludes a federal court from reviewing the merits of any claim "that a state court declined to hear because the prisoner failed to abide by a state procedural rule." Martinez v. Ryan, -- U.S.--, 132 S. Ct. 1309, 1316, 182 L. Ed. 2d 272 (2012). The state procedural rule that the state court relies upon must be "a nonfederal ground adequate to support the judgment" and "firmly established and consistently followed." Id. at 1316 (citations omitted). However, a federal court may review a prisoner's defaulted claim if the prisoner "show[s] cause for the default and prejudice from a violation of federal law." Id. at 1316 (citation omitted). "The rules for when a prisoner may establish cause to excuse a procedural default are elaborated in the exercise of the Court's discretion" and a federal habeas court may use its discretion to prevent default "only where a prisoner is impeded or obstructed in complying with the State's established procedures...." Id. at 1318 (citations omitted); see also Maples v. Thomas, -- U.S.--, 132 S. Ct. 912, 922, 181 L. Ed. 2d 807 (2012)("Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] ... impeded [his] efforts to comply with the State's procedural rule." (quotations and citation omitted)).

Since petitioner has not demonstrated cause and actual prejudice for his failure to raise his three (3) unexhausted claims in state court, or that he is actually innocent of the crimes for which he was convicted, those claims, i.e., that he was convicted of attempted murder in violation of the Double Jeopardy Clause, that the failure of the plea and sentencing courts to

7

provide him with a Spanish interpreter denied him the right to due process and that his sentence to post-release supervision was illegal, are dismissed as procedurally defaulted.

### 2. Procedural Default Based Upon Independent and Adequate State Law Grounds

Petitioner's claim that the trial court unlawfully imposed restitution is also procedurally defaulted. A federal court may not review a state prisoner's federal claims if the claims were denied in state court pursuant to an independent and adequate state law ground, see Walker v. Martin, –U.S. –, 131 S. Ct. 1120, 1127, 179 L. Ed. 2d 62 (2011), "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," i.e., that he is actually innocent of the crime for which he was convicted. Coleman, 501 U.S. at 749-50, 111 S. Ct. 2546; see also Carvajal, 633 F.3d at 104. In order for a claim to be procedurally defaulted such that federal habeas review is precluded, the state court's reliance on state law must be "clear from the face of the opinion." Fama, 235 F.3d at 809 (internal quotations and citation omitted); see also Messiah v. Duncan, 435 F.3d 186, 195 (2d Cir. 2006). If a state court holding contains a plain statement that a claim is procedurally defaulted, i.e., that the claim is denied pursuant to a procedural rule, then the federal habeas court may not review it, even if the state court also rejected the claim on the merits in the alternative. See Harris v. Reed, 489 U.S. 255, 264 n.10, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989) ("a state court need not fear reaching the merits of a federal claim in an *alternative* holding" so long as it explicitly invokes a state procedural rule as a separate basis for its decision); see also Murden v. Artuz, 497 F.3d 178, 191 (2d Cir. 2007)("Even where the state court has ruled on the merits of a

federal claim 'in the alternative,' federal habeas review is foreclosed where the state court has also expressly relied on the petitioner's procedural default." (citation omitted)).

New York law allows defendants to waive their right to appeal as part of a plea agreement when that waiver is made voluntarily, knowingly and intelligently. People v. Bradshaw, 18 N.Y.3d 257, 264, 938 N.Y.S.2d 254, 961 N.E.2d 645 (2011); People v. Seaberg, 74 N.Y.2d 1, 11-12, 543 N.Y.S.2d 968, 541 N.E.2d 1022 (1989). Though challenges to the legality of the sentence survive a valid waiver of the right to appeal, challenges to adequacy of the procedures used by the sentencing court in determining the sentence do not. People v. Callahan, 80 N.Y.2d 273, 590 N.Y.S.2d 46, 604 N.E.2d 108 (1992); see also People v. Horne, 97 N.Y.2d 404, 414 n.3, 740 N.Y.S.2d 675, 767 N.E.2d 132 (2002).

Petitioner claims that the sentence to restitution in the amount of nineteen thousand twenty-six dollars and fifty-eight cents ($19,026.58) was illegal because the trial court did not state its reasons for imposing restitution and did not justify the amount of restitution imposed. Although labeled as a claim challenging the legality of the sentence, it is apparent that petitioner's challenge is "addressed merely to the adequacy of the procedures the [sentencing] court used to arrive at its sentencing determination...." Callahan, 80 N.Y.2d at 281, 590 N.Y.S.2d 46. Thus, petitioner's challenge to the sentence of restitution "may effectively be waived by a voluntarily and intelligently made agreement entered in connection with a sentence or plea bargain." Id. On appeal, the Appellate Division gave effect to petitioner's negotiated waivers of his right to appeal and found that petitioner's intelligent, knowing and voluntary written and oral waivers of the right to appeal "foreclose[d] appellate review of his challenges to the procedures employed by the sentencing court in its determination regarding restitution." People v. Alvarez, 57 A.D.3d at 688.

Courts in this circuit have consistently held that a petitioner's waiver of the right to appeal is an adequate and independent state ground for denying habeas corpus relief. See, e.g., Hoeft v. D.E. Laclair, No. 08-CV-6060(VEB), 2011 WL 1198763, at *5 (W.D.N.Y. Mar. 28, 2011)(holding that a waiver of the right to appeal was an adequate and independent state ground barring federal habeas review); Morales v. Woughter, No. 09-CV-909(ARR), 2010 WL 2399992, at *4 (E.D.N.Y. June 10, 2010)("Waiver of a right to appeal is an adequate and independent state ground for the Appellate Division's denial of [petitioner]'s claim."); Braxton v. Conway, No. 9:05-CV-191 (TJM/RFT), 2008 WL 4239756, *3 (N.D.N.Y. Sept. 11, 2008); Acosta v. Giambruno, 326 F.Supp.2d 513, 522 (S.D.N.Y. 2004)("[petitioner's] affirmative waiver of his right to appeal also provides further independent and adequate state grounds to deny habeas relief."); Riley v. Goord, No. 02 Civ.5884 DC., 2003 WL 22966278, at *6 (S.D.N.Y. Dec. 16, 2003)(holding that the Appellate Division's denial of petitioner's claim based on his waiver of his right to appeal as part of his plea agreement established "adequate and independent state grounds . . . to preclude review of his claims by this Court."). Therefore, the Appellate Division clearly invoked an independent and adequate state ground as a basis for its rejection of petitioner's claim regarding restitution. Accordingly, petitioner can only raise his restitution claim if he has demonstrated cause for his default and prejudice, or that he is actually innocent of the crime for which he was convicted.

Petitioner has not established his actual innocence, nor has he demonstrated cause or prejudice. To the extent that petitioner may be asserting that there is good cause for his default because his waivers were not voluntary, knowing and intelligent, the record makes clear that his waivers were in fact voluntary, knowing and intelligent as a condition of his plea agreement. (P. 54). Defense counsel stated that he had "lengthy discussions" with petitioner regarding the plea

10

agreement; the trial judge, utilizing a Spanish interpreter, verified that petitioner had reviewed his waivers of his right to appeal with defense counsel and had signed them, (P. 56, 59); and petitioner acknowledged that he understood that "once [he] [gave] up [his] right to appeal, [he was] giving up any right to appeal any aspect of that trial or any aspect of this plea . . . ." (P. 60). Based on defense counsel's statements, petitioner's answers to the trial court's questions, as interpreted by the Spanish interpreter, and petitioner's signature on the detailed waivers, the trial court, which "is in the best position to assess all of the relevant factors" of a waiver, Callahan, 80 N.Y.2d at 280, 590 N.Y.S.2d 46, determined that petitioner's waivers were valid. (P. 60). Since petitioner's waivers of his right to appeal were knowing and voluntary, he has not demonstrated cause for the procedural default of his restitution claim. Accordingly, petitioner's restitution claim is dismissed as procedurally defaulted.

      B.     Claim on the Merits

          1.     Standard of Review

Pursuant to 28 U.S.C. § 2254(d), an application for a writ of habeas corpus that has met the procedural requirements of the AEDPA:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "An 'adjudication on the merits' is one that '(1) disposes of the claim on the merits, and (2) reduces its disposition to judgment.'" Bell v. Miller, 500 F.3d 149, 155 (2d Cir. 2007) (citing Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001)).

The Supreme Court has made it clear that "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." Harrington v. Richter, 526 U.S. ---, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5, 99 S. Ct. 2781, 2795 n.5, 61 L. Ed. 2d 560 (1979) (Stevens J., concurring)). A state court's "unreasonable application" of law must have been more than "incorrect or erroneous;" it must have been "objectively unreasonable." Sellan, 261 F.3d at 315 (quotations and citation omitted); see also Sorto v. Herbert, 497 F.3d 163, 169 (2d Cir. 2007).

Claims that were not adjudicated on the merits in state court are not subject to the deferential standard that applies under AEDPA. See, e.g., Cone v. Bell, 556 U.S. 449, 472, 129 S. Ct. 1769, 1784, 173 L. Ed. 2d 701 (2009) (citing 28 U.S.C. § 2254(d)). But where AEDPA's deferential standard of review does apply, the "state court's determination of a factual issue is presumed to be correct, and may only be rebutted by clear and convincing evidence." Bierenbaum, 607 F.3d at 48 (citing 28 U.S.C. § 2254(e)(1)). Under AEDPA's deferential standard of review, "'[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.'" Cullen v. Pinholster, ---U.S. ---, 131 S. Ct. 1388, 1401, 179 L. Ed. 2d 557 (2011) (quoting Williams v. Taylor, 529 U.S. 420, 437, 120 S. Ct. 1479, 1491, 146 L. Ed. 2d 435 (2000)).

2. Double Jeopardy Claim

(a) Jury Charge

Petitioner contends that his guilty plea for assault in the first degree following his conviction of assault in the second degree violated his constitutional right against double jeopardy because the trial court did not instruct the jury in the alternative with the charge of assault in the second degree as a lesser included offense to the charge of assault in the first degree. The Appellate Division dismissed this claim as meritless. People v. Alvarez, 57 A.D.3d 688, 868 N.Y.S.2d 542 (2d Dept. 2008).

For a federal court to grant habeas corpus relief on "the ground of error in a state court's instructions to the jury on matters of state law, the petitioner must show not only that the instruction misstated state law but also that the error violated a right guaranteed to him by federal law." Sams v. Walker, 18 F.3d 167, 171 (2d Cir. 1994)(citation omitted); see also Davis v. Strack, 270 F.3d 111, 123 (2d Cir. 2001). The reviewing court "must view the instruction in its total context." Sams, 18 F.3d at 171; see also United States v. Frady, 456 U.S. 152, 169, 102 S. Ct. 1584, 71 L. Ed 2d 816 (1982). "[A] finding that the petitioner was erroneously deprived of a jury instruction to which he was entitled under state law is the first step in the determination whether that error violated the petitioner's federal due process rights." Davis, 270 F.3d at 123.

To be entitled to a lesser included offense jury charge under New York law, the defendant at trial must first show that "the additional offense that he desires to have charged is a 'lesser included offense', i.e., that it is an offense of lesser grade or degree and that in all circumstances . . . it is impossible to commit the greater crime without concomitantly, <u>by the same conduct</u>, committing the lesser offense." People v. Glover, 57 N.Y.2d 61, 63, 453 N.Y.S.2d 660, 439 N.E.2d 376 (1982)(emphasis added); see also People v. Davis, 14 N.Y.3d 20, 23, 896

13

N.Y.S.2d 707, 923 N.E.2d 1095 (2009)(holding that the inquiry into whether a crime is a lesser included offense to one charged is "whether it is possible 'in theory' to commit the greater crime without committing the lesser."). A trial court may then "in addition to submitting the greatest offense which it is required to submit [to the jury], submit in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater...." N.Y. Crim. Proc. Law §300.50(1). If the court submits charges in the alternative, "[a] verdict of guilty of any such offense is not deemed an acquittal of any lesser offense submitted, but is deemed an acquittal of every greater offense submitted." N.Y. Crim. Proc. Law §300.50(4).

It was not error under New York law for the trial court to fail to instruct the jury on the charge of assault in the second degree as a lesser included offense in the alternative to the charge of assault in the first degree because the charge of assault in the second degree was not a lesser included offense of the charge of assault in the first degree insofar as the two (2) charges were based on separate conduct. Petitioner was indicted for assault in the first degree for intending to cause serious physical injury to the victim, and causing such injury, "by means of a deadly weapon or dangerous instrument, to wit; <u>a knife</u>." (T. 976)(emphasis added). Petitioner was indicted for assault in the second degree for intending to cause physical injury to the victim, and causing such injury, "by means of a deadly weapon or a dangerous instrument, to wit; <u>a motor vehicle</u>." (T. 977)(emphasis added). The trial court clarified to the jury that the assault in the first degree charge "does deal with the knife" and the assault in the second degree charge "does deal with the motor vehicle," (T. 1044), and defense counsel did not object to the jury charge or request that any lesser included offenses be charged. (T. 892). See N.Y. Crim. Proc. Law §300.50(1)("If there is no reasonable view of the evidence which would support [] a finding [that

14

an offense is a lesser included offense], the court may not submit such lesser offense. Any error respecting such submission...is waived by the defendant unless he objects thereto before the jury retires to deliberate."); § 300.50(2)("In the absence of [] a request [to submit a lesser included offense], the court's failure to submit such offense does not constitute error."). Even though the two (2) assaults took place against the same victim within a short time frame, they were nonetheless two (2) separate offenses arising from separate conduct, i.e., hitting Huerta with a car, then stabbing Huerta moments later. Since the charge of assault in the second degree was not a lesser included offense of the charge of assault in the first degree, the trial court could not have submitted the two (2) assault charges in the alternative, see, N.Y. Crim. Proc. Law § 300.50(1), and, thus, the jury's verdict finding petitioner guilty of assault in the second degree was not an acquittal of the charge of assault in the first degree precluding a conviction on the assault in the first degree charge in a subsequent prosecution. Accordingly, the Appellate Division's determination that petitioner's failure to instruct claim was meritless was not contrary to, or an unreasonable application of, clearly established federal law and was not based upon an unreasonable determination of the facts in this case. Therefore, petitioner's failure to instruct claim is denied.

(b)     Multiple Charges for a Single Transaction

To the extent petitioner contends that the conviction of assault in the first degree following his conviction of assault in the second degree violated his right against double jeopardy because only a single assault was involved, such claim is similarly meritless. The Fifth Amendment's Double Jeopardy clause "protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and

against multiple punishments for the same offense." Justices of Boston Mun. Court v. Lydon, 466 U.S. 294, 306-07, 104 S. Ct. 1805, 1812, 80 L. Ed. 2d 311 (1984) (internal citation omitted); see also Jones v. Thomas, 491 U.S. 376, 380-1, 109 S. Ct. 2522, 105 L. Ed. 2d 322 (1989). It does not protect a defendant against separate prosecutions for separate criminal acts. See Blockburger v. United States, 284 U.S. 299, 301, 52 S. Ct. 180, 181, 76 L. Ed. 306 (1932) (no double jeopardy bar when each successive sale of drugs constituted a distinct offense even though the same buyer and seller were involved in the transactions and only a few moments separated the two transactions); see also McCullough v. Bennett, 413 F.3d 244 (2d Cir. 2005) (no double jeopardy bar when prosecuted for two counts of possession of weapon because there was a separate and adequate finding of intent for each count). "[T]he test to be applied to determine whether there are two offenses or only one[] is whether each provision requires proof of a fact which the other does not." Blockburger, 284 U.S. at 304, 52 S. Ct. 180. That test is also used "to determine when one offense is a lesser included offense of another." Aparicio v. Artuz, 269 F.3d 78, 97 (2d Cir. 2001). If the two charges "each require proof of a fact that the other does not, then there are two offenses...." Id. at 97 (quotations and citation omitted).

Petitioner was not convicted of the same offense twice in violation of the Double Jeopardy Clause. Rather, petitioner was convicted of two (2) separate offenses: assault in the second degree, following a jury verdict, for assaulting Huerta with a motor vehicle and assault in the first degree, upon his plea of guilty, for assaulting Huerta with a knife. (T. 976-77). Clearly those charges each require proof of a fact that the other does not. Like the defendant in Blockburger, 284 U.S. 299, 301, 52 S. Ct. 180, 181, petitioner can be convicted of both offenses without offending double jeopardy principles even though there was only a short time between the commission of the two (2) offenses.

16

Since the Appellate Division's determination of petitioner's Double Jeopardy claim was not contrary to, or an unreasonable application of, clearly established federal law, and was not based upon an unreasonable determination of the facts in this case, petitioner's double jeopardy claim is denied.

III. CONCLUSION

For the reasons set forth above, the petition is denied in its entirety. The Clerk of the Court is directed to enter judgment in favor of respondent, to close this proceeding and to serve notice of entry of this Order on all parties in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* petitioner at his last known address, see Fed. R. Civ. P. 5(b)(2)(C). Since petitioner has failed to make a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000); Kellogg v. Strack, 269 F.3d 100, 102 (2d Cir. 2001). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See, 28 U.S.C. § 2253.

SO ORDERED.

s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: July 17, 2012
Central Islip, New York